09-0301-ag (L)
Li v. Holder

BIA
A095 878 118

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of January, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

——————————————————————————

JIN FENG LI,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

09-0301-ag(L);
09-3817-ag(Con)
NAC

——————————————————————————

FOR PETITIONER: Joseph C. Hohenstein, Philadelphia, Pennsylvania.

FOR RESPONDENT: Tony West, Assistant Attorney General; Jennifer J. Keeney, Senior Litigation Counsel; Jessica R. C.

**Malloy, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Jin Feng Li, a native and citizen of the People's Republic of China, seeks review of: (1) the BIA's December 23, 2008, decision denying her motion to reopen; and (2) the BIA's August 14, 2009, decision denying her motion to reopen and reconsider. *In re Jin Feng Li,* No. 095 878 118 (B.I.A. Dec. 23, 2008); *In re Jin Feng Li,* No. 095 878 118 (B.I.A. Aug. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)); *see also Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

It is beyond dispute that Li's first motion to reopen

was untimely, as it was filed approximately four years after the agency issued a final removal order in her proceedings. *See* 8 C.F.R. § 1003.2(c)(2). Although Li contends that counsel at her merits hearing provided ineffective assistance and therefore she was eligible for equitable tolling of some or all of the time period for filing her motion to reopen, her argument is unavailing.

In order to warrant equitable tolling of the time period for filing a motion to reopen based on an ineffective assistance claim, an alien is required to demonstrate that she exercised "due diligence" in pursuing her claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 135 (2d Cir. 2008); *see also Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000); *Jian Hua Wang v. BIA*, 508 F.3d 710 (2d Cir. 2007). In this case, the BIA did not err in finding that Li failed to demonstrate that she exercised due diligence in pursuing her claim.

Li provided evidence that she had consulted a number of attorneys after the issuance of the agency's July 2004 final order of removal, but claimed that she had difficulty

3

finding an attorney who would agree to represent her. However, although Li was represented by counsel from December 2004 through August 2006 and again from approximately February 2007 until the filing of her July 2008 motion to reopen, she did not explain what actions she or her attorneys took to pursue her ineffective assistance of counsel claim during the four years that passed before she filed her motion to reopen raising that claim. In addition, although Li argues that she did not receive her medical records until 2006 or 2007 and that her mental health issues impaired her ability to timely pursue her claim, she has failed to explain why her medical records were needed to pursue her ineffective assistance of counsel claim against her former counsel or how her mental health issues impacted her ability to timely file her motion to reopen. In any case, Li's latter argument is unpersuasive, given the fact that she was able to consult and retain several attorneys between 2004 and 2008 and to aid one of those attorneys in the completion of paperwork in support of her attempts to adjust status. Accordingly, the BIA did not err in finding that Li failed to exercise due diligence. *See Rashid*, 533 F.3d at 135; *see also Jian Hua Wang*, 508

4

F.3d at 715-16 (finding that the fact that petitioner waited an additional eight months after the receipt of documents required to file a motion to reopen supported the agency's finding that the petitioner did not demonstrate that he exercised due diligence).

Because the BIA reasonably found that Li failed to establish that she exercised due diligence in pursuing her ineffective assistance of counsel claim, it did not err in finding that equitable tolling of the time period for filing her motion to reopen was not warranted and did not abuse its discretion by denying her motions to reopen as untimely or her motion to reconsider the denial of her first motion to reopen. *See Rashid*, 533 F.3d at 132; *see also* 8 C.F.R. § 1003.2(b)(1),(c)(2). We do not consider Li's challenges to the agency's underlying decision on the merits of her application or her challenge to the fairness of her merits hearing because she does not petition for review from that decision. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk